# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                        |   |                        |
|------------------------|---|------------------------|
| **JERZY WIRTH**        | ) |                        |
|                        | ) |                        |
| **Plaintiff,**         | ) |                        |
|                        | ) |                        |
| **v.**                 | ) | **C.A. No.: N10J-03776** |
|                        | ) |                        |
| **AVONDALE IQ., LLC,** | ) |                        |
|                        | ) |                        |
| **Defendant.**         | ) |                        |

Argued: April 19, 2018
Decided: May 25, 2018

## COMMISSIONER'S ORDER ON DEFENDANT'S MOTION TO VACATE CONFESSED JUDGMENT

Jerzy Wirth, Plaintiff, Judgment Creditor, *pro se*.

Brian T.N. Jordan, Esquire, Attorney at Law, 704 N. King St., Suite 600, Wilmington, DE 19801. Attorney for Defendant.

**MANNING, Commissioner:**

Before the Court is Defendant's Motion to Vacate a confessed judgment (the "Motion") pursuant to Superior Court Civil Rule 60(b). Following submission of Plaintiff's Response, argument and an evidentiary hearing were held before the undersigned commissioner on April 19, 2018. Because the Motion is not case-dispositive, I am issuing my decision in the form of an Order pursuant to Superior Court Civil Rule 132(a)(3). For the following reasons, the Motion is Denied:

## Facts and Procedural Background

On November 9, 2010, Plaintiff (hereinafter also "Mr. Wirth") filed documents with the Prothonotary of the Superior Court to obtain a Confessed Judgment against Defendant pursuant to Superior Court Civil Rule 58.1. Plaintiff alleged that Defendant had defaulted on a Promissory Note and Business Loan. A tentative judgment was entered by the Prothonotary and the matter was scheduled for a hearing. On December 17, 2010, Defendant failed to appear for the hearing to contest the matter and a default judgment was entered by the Court. On February 15, 2018, Defendant filed the instant Motion. Defendant claims that he never received notice of the hearing for the confessed judgment in 2010, and only recently learned of the judgment itself during bankruptcy proceedings.

## Defendant's Arguments

Defendant argues in his Motion that: (1) the judgment is void because it was never served notice of the confessed judgment hearing, (2) the judgment is also void

2

because Defendant did not authorize Plaintiff, specifically Mr. Wirth, to confess judgment on its behalf, and (3) Defendant moves the Court to reexamine the amount of the judgment under Rule 60(b)(6), specifically the award of "collection and Attorneys Fees" of $32,846.85.

## Analysis

Before addressing Defendant's argument, it is necessary to review the law and procedure used to obtain a confessed judgment in the Superior Court. Pursuant to Rule 58.1, a party files the necessary documents with the Prothonotary who then enters a "tentative judgment" and schedules the matter for a hearing. The party moving for the judgment is required to provide the original document evidencing the agreement and authorizing the confession of judgment with copies ready for certified mailing in a pre-paid and self-addressed envelope. Court staff then docket and mail the documents directly to the defendant, with the certified mail "green cards" being returned directly to the plaintiff once service has been completed.

### Improper Service

In this case, Defendant argues that the process outlined in Rule 58.1 was not followed, and consequently, that Defendant never received notice of the 2010 hearing whereby he could move to challenge the motion to confess judgment. At the heart of Defendant's argument is docket entry #2, that states "PRO SE WILL SEND OUT CERTIFIED NOTICE PACKAGE 11-9-2010." Defendant argues that

3

this docket entry evidences the fact that Rule 58.1 was not followed and that the Prothonotary allowed Plaintiff to mail (or *not* mail as Defendant intimates) the documents himself—as opposed to Prothonotary staff doing it. Defendant argues that under the rule, the Prothonotary is required to mail the documents due to the use of the term "shall" within Rule 58.1. Defendant also argued during the hearing that notice was inadequate because it was only sent to the registered agent and not *also* mailed to Defendant's home address.

Plaintiff disputes Defendant's contentions and avers that the rule was properly followed because he provided the necessary documents to the Prothonotary who then mailed them, per the rule, on his behalf. Defendant subsequently filed with the Court the certified mailing return receipt showing that delivery was made to Christiana Incorporators, 508 Main Street, c/o Ralph Estep, Wilmington, DE, 19804, who was the registered agent for Defendant at the time. Plaintiff contends that the docket entry indicating that *he* would mail the documents is wrong, and was made in error.

At the hearing, the Court heard testimony from Kathy Zeccola. Ms. Zeccola is a supervisor in the Superior Court Prothonotary's Office. Ms. Zeccola testified as to the usual procedure that is followed under Rule 58.1 to initiate a confession of judgment. Ms. Zeccola testified that she was alerted to the issue with the docket in this case by Mr. Wirth after he received Defendant's Motion. Ms. Zeccola testified that it has always been the practice within the Prothonotary to send out the certified

4

mailings. Ms. Zeccola testified that docket entry #2 was made in error by a new clerk who was in the process of being trained and who no longer works for the Court.[1]

Based on the record before me, I am convinced that the docket entry in question was made in error by Prothonotary staff. I am satisfied that Plaintiff has established by a preponderance of the evidence that service was properly made by certified mailing pursuant to Rule 58.1 on Defendant's registered agent.[2] Moreover, no evidence was presented by Defendant to show that it had revoked the authority of its registered agent to receive service at the time the motion was served. I find the fact that Plaintiff did not also personally serve defendant at his home address as unavailing. Every Limited Liability Corporation (LLC) in Delaware is required to have a registered agent to receive service of process for the corporation. Service directly upon the owners of the LLC is not legally necessary if the registered agent is properly served.[3] Accordingly, Defendant's argument as to lack of service is without merit.

---

[1] Ms. Zeccola also sent an email to the undersigned commissioner on February 2, 2018, explaining this process and her belief that the docket entry was made in error. That email was shared with the parties and is now part of the record.

[2] *See also PNC Bank v. Sills*, 2006 WL 3587242 (November, 30, 2006, Johnston, J.) (holding that service of a motion to confess judgement by certified mail delivered to the receptionist at defendant's business satisfied the notice requirements of Rule 58.1).

[3] *See* 18 *Del. C.* §10-105 (a) Service of legal process upon any domestic limited liability company or any series thereof established pursuant to § 18-215(b) of this title shall be made by delivering a copy personally to any manager of the limited liability company in the State of

## Authority to Confess Judgment

Defendant's second argument is admittedly unique. Defendant argues that the language contained in the Promissory Note does not authorize Plaintiff—and more specifically Mr. Wirth himself— to move for a confession of judgment.

The language in the agreement states:

> The borrowers do hereby authorize and empower any Court of competent jurisdiction, without process, in the event of Default, to enter judgment, or any Clerk, Prothonotary or Attorney of any Court of Record in Delaware, or elsewhere, without process, to appear for them and confess judgment in the Superior Court of the State of Delaware or in any other Court of Record in Delaware or elsewhere on the above obligation with legal interest[…].[4]

Defendant's argument, although novel, is misplaced and unsupported by any authority whatsoever. The provision in question authorizes judgment to be entered against the borrower in the event of default without initiation of a formal lawsuit for breach of contract by Plaintiff. Unlike Defendant, I read this provision as a delegation of the inherent authority any maker to a contract has to pursue legal remedies in the event of default. The language in this provision is not a limitation on the Plaintiff's ability to move for a confessed judgment, rather, it is a list of

---

Delaware, *or the registered agent of the limited liability company in the State of Delaware…* (emphasis added*). See also Thompson v. Colonial Court Apartments, LLC,* 2006 WL 3174767 (November 1, 2006, Cooch, RJ. (denying a motion to vacate a default judgment when service was properly made upon the registered agent and the defendant failed to file a responsive pleading).

[4] Defendant's Motion, Ex. A, p. 1.

individuals or organizations that may move for a confession of judgment on behalf of the borrower in the event of default. Although it is the Court that actually enters the judgment by confession, someone must initiate the process by filing the necessary documents with the Prothonotary, and logic dictates that person could always be the maker of the contract. Moreover, Rule 58.1 provides the necessary procedural safeguards to ensure that the borrower's due process rights to notice and an opportunity to be heard are respected before any judgment is entered. Accordingly, Defendant's argument is without merit.

## Costs and Fees

Finally, during argument before the Court, Plaintiff agreed to waive its "collection and Attorneys Fees," and will only seek to collect on the original principal and accrued interest, thus rendering Defendant's final argument moot.

## Conclusion

For the reasons stated herein, Defendant's Motion to Vacate the confessed judgment is Denied.

**IT IS SO ORDERED.**

_____
Bradley V. Manning,
Commissioner

Original to Prothonotary
cc:     Parties via first class mail and File & Serve